IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

    Petitioner,

v.                                                                                              No. 23-cv-245-JB-JHR

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, RONALD
MARTINEZ, SOUTHERN NEW
MEXICO CORRECTIONAL FACILITY,

    Respondents.

## ORDER DIRECTING AMENDMENT

THIS MATTER is before the Court on Petitioner Kevin Ogden's handwritten Petition for a Writ of Habeas Corpus. (Doc. 1) (the "Petition"). Ogden is a state prisoner, proceeding *pro se*. It appears that the primary issue Ogden raises in the Petition is a challenge to the validity or legality of his amended judgment and sentence under 28 U.S.C. § 2254. He may also seek to challenge the execution of his sentence under 28 U.S.C. § 2241 arising from an unfavorable determination by the Parole Board. He may also seek to state claims under 42 U.S.C. § 1983 for alleged violations of his right of access to the courts and for alleged violations of his Eighth Amendment rights. For the reasons stated herein, Ogden will be required to file an amended habeas petition clarifying his habeas claims. To the extent he wishes to pursue civil rights claims, he may commence a civil action separately by filing a complaint.

    1.   <u>Ogden Must Amend His Pleadings to Comply with Fed. R. Civ. P. 8(a)</u>

Because Ogden is incarcerated, the Petition is subject to *sua sponte* screening. *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints); Habeas Corpus Rule 4(a) (requiring screening of habeas claims). The Court must dismiss any pleading that is frivolous,

malicious, or fails to state a cognizable claim. *Id.* The Court cannot perform its screening function because Ogden's claims are not clearly stated. Instead of providing a short and plain statement showing his entitlement to relief and specifying the relief he seeks, as required by Rule 8(a) of the Federal Rules of Civil Procedure, the Petition comprises 85 pages of allegations, arguments, authorities, and exhibits. "It is not the role of . . . the court . . . to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct [a petitioner's] causes of action." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014). Ogden will therefore be required to clarify his claims by filing an appropriate habeas petition and/or an amended prisoner civil rights complaint on forms provided by the Court. Any amended pleading must comply with Rule 8(a) and must not exceed 27 pages.

    2.  <u>Challenges to the Execution of a Sentence Must be Brought Under 28 U.S.C. § 2241</u>

28 U.S.C. § 2241 allows state prisoners to collaterally attack the execution of their sentences in federal court. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."). This includes challenges concerning Parole Board decisions, which arise under § 2241. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). To the extent Ogden challenges the parole procedure or the Parole Board's decision, he should file an amended § 2241 habeas petition on a form provided by the Court consistent with the pleading requirements discussed in Section 1 of this Order.

    3.  <u>Challenges to the Validity of a Sentence Must be Brought Under 28 U.S.C. § 2254.</u>

Ogden may additionally or alternatively seek to challenge the validity or legality of the sentence he is currently serving pursuant to an amended judgment and sentence. *See* (Doc. 1 at 2). Claims of this nature are governed by 28 U.S.C. § 2254. *Davis v. Roberts*, 425 F.3d 830, 834 (10th

Cir. 2005) ("To the extent [the petitioner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254."), *Montez*, 208 F.3d at 865 (a challenge to the validity of a conviction or sentence is properly brought under § 2254).

Ogden is advised that Petitions for a writ of habeas corpus under § 22554 must generally be filed within one year after the defendant's conviction becomes final. The one-year limitation period applicable to a § 2254 petition can be extended:

(1)	While a state habeas petition is pending, § 2244(d)(2);

(2)	Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)	Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)	Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Ogden is further advised that the Court may also lack jurisdiction over the Section 2254 claims if Ogden has challenged the conviction in a prior habeas petition.  If Ogden wishes to pursue relief under § 2254, he should file a § 2254 petition using the form provided by the Court. In addition to the pleading requirements discussed in Section 1, Ogden should clearly identify the state court case number associated with the challenged conviction; state whether he has filed any prior habeas claims challenging that conviction; and, if the claims are not successive, address the timeliness of the petition.

  4. <u>Challenges to the Conditions of Confinement Arise Under 42 U.S.C. § 1983</u>.

  In contrast, to a habeas proceeding, "a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir.1993). It appears that Ogden may wish to challenge the conditions of his confinement—*i.e.*, by raising an Eighth Amendment claim and a First Amendment claim for an alleged deprivation of the right of access to the courts or other conditions of confinement claims. (Doc. 1 at 3). Claims of this nature arise under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.*

  A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

  If Ogden wishes to pursue claims under § 1983, he may commence a separate civil rights case by filing a § 1983 complaint and addressing the civil filing fee. *See McIntosh*, 115 F.3d at

811 (recognizing that habeas proceedings are distinct from civil rights cases and must be raised in separate actions). The Court will mail a blank prisoner civil rights complaint to him that he may use to pursue any non-habeas civil rights claims.

**IT IS ORDERED** that:

(1)   Within **thirty days** of the entry of this Order, Ogden should file an amended § 2241 or a habeas petition seeking relief under § 2254, consistent with the discussion set forth above.

(2)   The Clerk's Office shall Mail Ogden a blank § 2241, petition, a blank § 2254 petition, and a blank § 1983 prisoner civil rights complaint and application to proceed in forma pauperis.

(3)   If Ogden fails to file an amended habeas petition in this case by the thirty-day deadline his claims may be dismissed without prejudice.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge