**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KEVIN OGDEN,

Petitioner,

v. No. 2:23-cv-00245-JB-JHR

ATTORNEY GENERAL FOR THE STATE OF NEW MEXICO, RONALD MARTINEZ, AND SOUTHERN NEW MEXICO CORRECTIONAL FACILITY,

Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PETITIONER'S PETITION FOR A WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Kevin Ogden's Amended 28 U.S.C. § 2241 Habeas Corpus Petition. [Doc. 7] (Amended Petition). This matter was referred to me pursuant to 28 U.S.C. §§636(b)(1)(B) and (b)(3) for the legal analysis necessary to recommend an appropriate disposition. [Doc. 3]. Having reviewed the parties' submissions and the relevant law, I recommend that the Court dismiss the Amended Petition.

## I. Factual and Procedural Background[1]

### A. Factual Background

Ogden is a state prisoner proceeding *pro se*. On November 1, 1994, a jury in the Eleventh Judicial District of the State of New Mexico found Ogden guilty of first-degree murder and three counts of possession of a firearm by a felon. Ogden was sentenced to a term of life imprisonment,

[1] The state and federal dockets are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007 ) (recognizing that courts have "discretion to take judicial notice of publicly filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Therefore, the Court takes the following background facts from the Petition, the State court docket, and Ogden's prior federal habeas filings.

plus six consecutive years to be followed by a minimum five-year parole period.

The Supreme Court of New Mexico affirmed Ogden's convictions on direct appeal. *See Ogden v. Bravo,* 35 F. App'x 722, 724 (10th Cir. 2002). Ogden then filed a State habeas petition, asserting forty-one claims of error, which the State court denied on March 9, 2001. *Id.*

Ogden continues to argue primarily that he is serving a 36-year definite sentence to which good-time deductions and mandatory parole provisions apply. He maintains that relevant New Mexico statutes and case law either are invalid or do not apply to his sentence. As explained below, these arguments have been considered in Ogden's prior habeas proceedings and do not provide a basis for relief in this action.

**B. Procedural Background**

On March 22, 2023, Ogden filed an 85-page handwritten Petition for a Writ of Habeas Corpus in this Court. [Doc. 1]. The Court directed him to clarify whether he intended to bring his claims under 28 U.S.C. § 2241, 28 U.S.C. § 2254, and/or 42 U.S.C. § 1983 and to complete the appropriate forms provided by the Court. [Doc. 6]. Ogden subsequently filed a 19-page handwritten amended petition asserting all his claims under § 2241. [*See generally* Doc. 7].

*i.* <u>*Ogden's Prior Federal Habeas Proceedings Under § 2254*</u>

On June 5, 2001, Ogden filed his first 28 U.S.C. § 2254 habeas petition in this federal court. *See Ogden v. Bravo*, No. **CIV 01-0658 JAP/RLP** (D.N.M.), Petition for Writ of Habeas Corpus filed June 5, 2001 [Doc. 1] ["First 2254 Petition"]. The Court denied the First Petition with prejudice, and the Tenth Circuit affirmed. *See* Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 14, 2001 (CIV 01-0658, Doc. 13); *Ogden v. Bravo*, 35 F. App'x 722 (10th Cir. 2002) (finding that five issues were properly dismissed and the remaining 36 issues were not exhausted and therefore procedurally barred).

On December 19, 2005, Ogden filed his second § 2254 habeas petition in this federal court. *See Ogden v. Ulibarri*, No. **CIV 05-1316 JB/WPL** (D.N.M.), Petition for Writ of Habeas Corpus, filed December 19, 2005 [Doc. 1] ["Second 2254 Petition"]. The Court transferred the Second Petition to the Tenth Circuit, in the interest of justice, so that Ogden could seek permission to raise a second/successive habeas claim under 28 U.S.C. § 2244. *See* Order for Transfer, filed January 17, 2006 (CIV 05-1316, Doc. 4). The Tenth Circuit dismissed the matter the following year for failure to prosecute. *See* Letter from Mathew J. Dykman to Kevin Ogden (dated May 17, 2006), filed May 22, 2006 (CIV 05-1316, Doc. 5).

On February 18, 2014, Ogden filed his third § 2254 habeas petition in this federal court. *See Ogden v. New Mexico*, No. **CIV 14-0154 RB/LAM** (D.N.M.), Motion to Request Permission to File Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254 and 2241, filed February 18, 2014 [Doc. 1] ["Third 2254 Petition"]. The Third Petition acknowledged the limitation on successive habeas claims and sought permission to prosecute a new § 2254 action. *See* Third Petition at 1–2. The Court dismissed the Third Petition without transferring the matter to the Tenth Circuit. *See* Memorandum Opinion and Order of Dismissal, filed February 20, 2014 (CIV 14-0154, Doc. 2).

On December 14, 2020, Ogden filed his fourth § 2254 habeas petition in this federal court. *See Ogden v. Santisteven*, No. **CIV 20-1292 KWR/SMV** (D.N.M.), Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed December 14, 2020 [Doc. 1] ["Fourth 2254 Petition"]. The Court dismissed the Fourth Petition for lack of jurisdiction without transferring the matter to the Tenth Circuit. *See* Memorandum Opinion and Order, filed January 28, 2021 (CIV 20-1292, Doc. 2). Ogden appealed that ruling to the Tenth Circuit, which affirmed and entered an Order Denying Certificate of Appealability, filed May 3, 2021 (CIV 20-1292, Doc. 8). The District Court then denied Ogden's "Motion for Relief from Order Denying Certificate of Appealability" noting

the "Court will dismiss any successive habeas claims for lack of jurisdiction." *See Ogden v. Santisteven*, No. 220CV01292KWRSMV, 2022 WL 626483, at *3 (D.N.M. Feb. 3, 2022).

Ogden then filed two petitions for a writ of habeas corpus in State court. The State court denied Ogden's first Habeas Corpus Petition, filed August 20, 2021, in the State Court Case, which the State Court denied on November 3, 2021. The Supreme Court of New Mexico denied Ogden's petition for a writ of certiorari on March 29, 2022. *See Ogden v. Stephenson*, No. S-1-SC-39274, Order Denying Petition. The State court also denied the Amended Petition, filed January 3, 2022, on February 15, 2022, in the State Court Case. The Supreme Court of New Mexico denied Ogden's petition for a writ of certiorari on February 24, 2022.

On May 22, 2023, Odgen filed his 81-page fifth § 2254[2] habeas petition in this federal court. See *Ogden v. Turner*, No. **CIV 23-0447 JB/KBM** (D.N.M.), Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed May 22, 2023 [Doc. 1] ["Fifth 2254 Petition"]. The Court then ordered Ogden to amend his Fifth Petition explaining the differences between § 2245 and § 2241 claims. [Doc. 6, filed January 31, 2024]. Ogden amended his Fifth Petition asserting all of his claims under § 2241. [*See* Doc. 7, filed February 15, 2024]. The Court denied the Fifth Petition, reasoning that although Ogden classified his claims as § 2241 claims, they were, in substance, § 2245 claims and thus subject to dismissal as an unauthorized successive petition. *See* Memorandum Opinion and Order, filed April 29, 2024 (CIV 23-0447, Doc. 9). Ogden appealed and the Tenth Circuit affirmed the District Court's classification of Ogden's claims, denied a certificate of appealability, and dismissed the matter. *See* Order Denying Certificate of Appealability, filed September 10, 2024 (CIV 23-0447, Doc. 16). The Tenth Circuit reiterated that

[2] Ogden also filed a § 2254 habeas petition in federal court on April 20, 2022, but it was ultimately dismissed for failure to pay the $5 filing fee or file a motion to proceed in forma pauperis. *See Ogden v. Stephenson*, No. 22-0296 WJ/GBW (D.N.M.), Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed April 20, 2022 [Doc. 1]; Order of Dismissal, filed December 09, 2022 [Doc. 10].

without prior authorization, a district court does not have jurisdiction to address the merits of a second or successive § 2254 claim. *Id*. at 3.

*ii. Ogden's Prior Federal Habeas Proceedings Under § 2241*

On October 25, 2022, Ogden filed his first 51-page § 2241 habeas petition in this federal court. *See Ogden v. Hagerman*, No. **CIV 22-0801 JCH/JMR** (D.N.M.), Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed October 25, 2022 [Doc. 1] ["First 2241 Petition"]. The Court entered an order directing Ogden to clarify his claims as either 2245 claims, 2241 claims, or 42 U.S.C. § 1983 claims. *See* Order Directing Amendment, filed September 20, 2023 (CIV 22-0801, Doc. 8). In his amended petition, Ogden states the following grounds for relief:

1. Gound One: All prisoners convicted before 1999 receive good time and it cannot be revoked without a major, violent disciplinary report.

2. Ground Two: The Supreme Court of New Mexico commits fraud in *Compton v. Lytle* in every paragraph in the case, which is the case the State of New Mexico uses to deny good time for a life sentence.

3. Ground Three: Special laws have always been illegal and do not control over general laws; major Due Process and Equal Rights have been violated.

4. Ground Four: Retroactive laws have always been illegal and are major violations of Equal Rights and Due Process.

*See* Amendment to Habeas Petition, filed November 03, 2023 (CIV 22-0801, Doc. 9).

The Honorable Jennifer M. Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, denied each ground on the merits and clarified to Ogden that because he is a state prisoner he must still obtain a Certificate of Appealability even when he brings his claims under § 2241 as opposed to § 2245. *See* Proposed Findings and Recommended Disposition, filed June 03, 2024 (CIV 22-0801, Doc. 16). The District Judge adopted the PFRD and overruled Ogden's objections. *See* Order Overruling Objections and Adopting Proposed Findings and Recommended Disposition, filed September 03, 2024 (CIV 22-

0801, Doc. 26). Ogden appealed the decision and the Tenth Circuit dismissed the matter. *See* Order Denying Certificate of Appealability, filed July 24, 2025 (**CIV 24-2140**). In that order, the Tenth Circuit classified Ogden's four grounds of relief as the following:

1. Ground One: He is really serving a 36-year sentence that should have been reduced by good-time credits. With those credits, he discharged the sentence long ago. And by refusing to apply the credits to reduce his sentence, the Department of Corrections has effectively revoked his credits without due process.

2. Ground Two: The Supreme Court of New Mexico committed fraud by issuing the decision in *Compton*.

3. Ground Three: "Special laws have always been illegal and do not control over general laws." R. at 108 (formatting modified). This claim appears to criticize *Compton*'s reliance on the canon of statutory construction holding that "the specific governs the general," *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992).

4. Ground Four: The 1999 legislation clarifying that good-time credits do not apply to a life sentence is an ex post facto law as applied to Mr. Ogden.

*Ogden v. Att'y Gen.,* No. 24-2140, 2025 WL 2080674, at *1 (10th Cir. July 24, 2025). The Tenth Circuit briefly explained why no reasonable jurist would find the District Court's dismissal of Ogden's § 2241 petition "debatable" or "wrong" as to any of the four grounds for relief and, accordingly, denied a certificate of appealability. *Id.* at 3–5.

*iii. The Present § 2241 Petition*

On March 22, 2023, Ogden filed the instant 85-page handwritten second § 2241 habeas petition with this Court. [Doc. 1] ["Second 2241 Petition"]. Thus, he filed this petition after filing his First § 2241 Petition but before the magistrate judge issued the recommendation to deny that earlier petition on the merits.

In his Amended Petition, Ogden asserts seven grounds for relief under § 2241:

1. Ground One: A life sentence plus six years is a determinate (definite) sentence contrary to popular belief. Indefinite sentences are not used after 1979. Stacking parole periods is illegal.

2. Ground Two: The parole board has created a special class of prisoners which has always been illegal. Major Due Process and Equal Rights have been violated.

3. Ground Three: The District Court amended the judgment and sentence (J and S) 17 years after the fact which is ex post facto, illegal, the Fifth Amendment.

4. Ground Four: In paragraphs, 3, 4, and 5 of the J and S the law is incorrectly stated. Enhanced sentences are not allowed for capital felonies. Lack of rehabilitation does not apply to a capital felony and it is not true. Stacking parole periods is illegal.

5. Ground Five: N.M.S.A. 1978 § 31-21-10(A) is back dated and is not part of the criminal code or criminal procedure act or any act in particular, and neither is § 31-20A-5 the death penalty statue.

6. Ground Six: Three counts of possession of a firearm by a felon should have been only one count.

7. Ground Seven: The State of New Mexico is abusing prisoners which is major violations of access to the courts, due process, fair trial, cruel and unusual punishment, etc..

## II. Legal Standards

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### A. Claims Properly Brought Under § 2254

A state prisoner challenging the validity or legality of his underlying conviction or sentence generally must proceed under § 2254. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). As the Court previously explained to Ogden, he may seek to challenge the validity or legality of his sentence through an appropriate § 2254 petition. [Doc. 6 at 2].

Such claims are subject to the one-year limitation period established by 28 U.S.C. § 2244(d), which generally begins when the judgment becomes final, subject to the statute's alternative triggering dates and applicable tolling provisions. Ogden was advised of these limitations. [Doc. 6 at 3]. The Court also explained that it could lack jurisdiction over successive § 2254 claims if Ogden had previously challenged his conviction or sentence in federal court. *Id.*;

*see* 28 U.S.C. § 2244(a)–(b).

Under § 2244(b)(3)(A), a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive § 2254 petition in the district court.

**B. Claims Properly Brought Under § 2241**

A state prisoner challenging the execution of his sentence, rather than the validity of his underlying conviction or sentence, generally proceeds under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Challenges to parole-board decisions are examples of claims that may arise under § 2241. *See McIntosh v. U.S. Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997).

Section 2241 claims are subject to the applicable one-year limitation period. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Unlike a second or successive § 2254 petition, however, a subsequent § 2241 petition does not require advance authorization from the court of appeals under § 2244(b)(3)(A). *See Stanko v. Davis*, 617 F.3d 1262, 1265 (10th Cir. 2010) (addressing a federal inmate's § 2241 habeas petition); *Sherratt v. Nelson,* 788 F. App'x 578 (10th Cir. 2019) (applying *Stanko* to a state inmate's § 2241 habeas petition).

Nevertheless, a petitioner's ability to pursue successive § 2241 claims is limited by 28 U.S.C. § 2244(a) and the judicial doctrines governing successive habeas petitions. *Stanko*, 617 F.3d at 1269. Section 2244(a) provides:

> No circuit or district judge ***shall be required*** to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a) (emphasis added).

Although § 2244(a) expressly refers to detention pursuant to a federal-court judgment, the

Tenth Circuit has explained that the provision reflects longstanding principles governing successive habeas petitions. *Stanko*, 617 F.3d at 1269–70. Those principles include the rule that a court may decline to reconsider a claim that was previously raised and adjudicated unless reconsideration would serve the ends of justice. *Id.* The ends-of-justice exception is narrow and requires a colorable showing of factual innocence.[3] *See Hall v. Daniels*, 545 F. App'x 754, 755 (10th Cir. 2013) (unpublished). A court may raise the successive-petition bar sua sponte.[4]

## III. Analysis

The substance of a pleading, rather than its title or the statutory provision identified by the petitioner, determines how the court must classify it. *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). When a petition contains a mixture of claims, the court must separately consider claims properly brought under § 2254 and those properly brought under § 2241. *Id.* A *pro se* petitioner's request for habeas relief must be evaluated under the appropriate statutory framework, regardless of how the petitioner labels it. *See Castro v. United States*, 540 U.S. 375, 377 (2003); *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005).

[3] In *Stanko*, the Tenth Circuit further recognized that the abuse-of-the-writ doctrine applies to claims brought under § 2241. This doctrine permits a court to decline to consider a claim that could have been raised in an earlier petition but was not. *Stanko*, 617 F.3d at 1269–70. Under the doctrine, a petitioner must establish that his failure to raise the claim earlier was not the result of inexcusable neglect. *Id.* at 1270. The relevant inquiry generally follows procedural-default principles: the petitioner must demonstrate cause for the earlier omission and resulting prejudice or, absent cause, show that declining to consider the claim would result in a fundamental miscarriage of justice. *Id.* at 1271. When considering whether a claim constitutes an abuse of the writ, the court must provide the petitioner with notice and an opportunity to respond. *Id.*

The abuse-of-the-writ doctrine, however, is not the basis for the recommended disposition here. I recommend finding that Ogden previously raised each of the § 2241 claims asserted in the present petition. Accordingly, the relevant inquiry is whether the Court should decline to reconsider claims that have already been adjudicated, rather than whether Ogden inexcusably failed to raise claims in an earlier proceeding.

[4] Although Respondents fail to raise this argument, the Tenth Circuit allows procedural default to be raised sua sponte. *E.g., United States v. Talk,* 158 F.3d 1064, 1067 (10th Cir.1998) (holding court may raise procedural default sua sponte "if doing so will further the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice" (internal quotation marks omitted)), *abrogated on other grounds, as recognized in United States v. Harms,* 371 F.3d 1208, 1210 (10th Cir.2004).

**A. Claims Properly Classified Under § 2254**

Grounds Three, Four, and Six challenge the validity or legality of Ogden's underlying judgment and sentence. They are therefore properly classified as § 2254 claims, notwithstanding Ogden's decision to assert them under § 2241. The Court previously advised Ogden that challenges to the validity or legality of his sentence must be brought under § 2254. [Doc. 6 at 2].

The record does not indicate that the Tenth Circuit has authorized Ogden to file another successive § 2254 petition raising these claims. Accordingly, the Court lacks jurisdiction to consider their merits.[5] *See* 28 U.S.C. § 2244(b)(3)(A); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

The Court may dismiss these claims or, in the interest of justice, transfer them to the Tenth Circuit under 28 U.S.C. § 1631 so that Ogden may seek the required authorization. *See In re Cline*, 531 F.3d at 1251. I recommend against transfer.

The relevant considerations include whether the claims would be time-barred if filed in the proper forum, whether the claims are likely to have merit, and whether the lack of jurisdiction was clear when the action was filed. *Id.* Ogden has filed multiple prior § 2254 petitions, and the claims at issue would constitute another successive habeas proceeding. The claims also appear likely to be time-barred, and the jurisdictional restrictions governing successive § 2254 petitions were clear to Ogden when he filed this action. The Court has repeatedly explained these restrictions to Ogden, including in its dismissal of his Fifth § 2254 Petition.[6] *See Ogden v. Turner*, No. CIV 23-0447

---

[5] The Tenth Circuit has previously explained this requirement to Ogden. *See* Order Denying Certificate of Appealability, filed September 10, 2024 (CIV 23-0447, Doc. 16 at 3) (Absent authorization, a district court does not have jurisdiction to address the merits of a second or successive § 2254 claim.).

[6] Or as explained to Ogden by the Tenth Circuit:

> District Courts can transfer unauthorized successive habeas claims to the Tenth Circuit, rather than dismissing the matter for lack of jurisdiction. However, there are no grounds for a transfer here. Ogden is not acting in good faith; the conviction is over 25 years old; he did not – as he asserts –

JB/KBM (D.N.M.), Memorandum Opinion and Order, filed April 29, 2024, at 7–10 (Doc. 9).

For these reasons, I recommend that the Court decline to transfer Grounds Three, Four, and Six to the Tenth Circuit and instead dismiss them without prejudice for lack of jurisdiction.

**B. Claims Properly Classified Under § 2241**

Grounds One, Two, and Five challenge the execution of Ogden's sentence and are therefore properly classified under § 2241. These claims concern the application of good-time credits, the treatment of prisoners serving life sentences, parole-related classifications, and the statutes governing the execution of Ogden's sentence.

The substance of these claims overlaps with claims Ogden raised in his First § 2241 Petition; which was pending when he filed the instant action. In that proceeding, the court addressed his arguments concerning good-time credits, *Compton v. Lytle*, the relationship between specific and general laws, and the retroactive application of the 1999 legislation. The Court also explained that Ogden is not serving a 36-year sentence; rather, he becomes eligible for parole after serving 36 years. In addition, the Court addressed the corrected judgment and sentence (J&S). Thus, the substance of the claims Ogden now raises under § 2241 has already been considered in his prior habeas proceeding.

The District Court denied those claims on the merits, and the Tenth Circuit subsequently denied a certificate of appealability finding that no reasonable jurist could find the District Court's resolution of those claims "debatable" or "wrong." *See Ogden v. Hagerman*, No. CIV 22-0801 JCH/JMR (D.N.M.), Proposed Findings and Recommended Disposition, filed June 3, 2024 (Doc.

receive the death penalty; and he already received a merits-review of all exhausted habeas claims. *Ogden v. Bravo*, 35 Fed. App'x 722, 725 (10th Cir. 2002).

16); *Ogden v. Attorney General*, No. 24-2140, 2025 WL 2080674 (10th Cir. July 24, 2025).

Ground Two also appears to be unexhausted because Ogden did not raise that claim in his petition for a writ of habeas corpus before the Supreme Court of New Mexico.[7] *See* [Doc. 10-1 at 17, 28–42, 46].

Unlike his § 2254 claims, Ogden's § 2241 claims do not appear to be untimely. As relevant here, the one-year limitation period under § 2244(d)(1)(D) begins on the date the factual predicate of a claim could have been discovered through the exercise of due diligence. Ogden appeared before the Parole Board on July 12, 2022, and the Board denied parole for several reasons. [Doc. 10-1 at 274–75]. Both his First § 2241 Petition and the present petition were filed within one year of that date.

The question, therefore, is whether the Court should exercise its discretion to consider claims that have already been raised and adjudicated in a prior habeas proceeding.

Under the principles discussed in *Stanko*, a court may decline to reconsider successive § 2241 claims when the petitioner has already litigated them and has not demonstrated that reconsideration would serve the ends of justice. 617 F.3d at 1269–71. Ogden has not made a colorable showing of factual innocence or otherwise demonstrated that the ends of justice require the Court to reconsider his previously adjudicated claims.

The District Court has already considered Grounds One, Two, and Five, as well as Ground Three, which is properly classified under § 2254 and addressed above. The Court rejected the claims raised in the prior proceeding. The Tenth Circuit subsequently considered Ogden's

---

[7] Unlike 28 U.S.C. § 2254, the text of 28 U.S.C. § 2241 "does not expressly contain [an exhaustion] requirement." *Garza v. Davis*, 596 F.3d 1198, 1203-04 (10th Cir. 2010). Still, "[a] state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" *Farris v. Allbaugh*, 698 Fed. Appx. 950, 957 (10th Cir. 2017) (*quoting Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011)).

challenges concerning good-time credits, the reasoning in *Compton*, and the application of the 1999 legislation. *See Ogden v. Attorney General*, 2025 WL 2080674, at *1, *3–5. The present petition establishes no sufficient basis for revisiting those determinations.

This analysis is consistent with *Franklin v. Martinez*, No. 2:23-CV-809 KG/GJF, 2025 WL 2939388 (D.N.M. Oct. 16, 2025), in which the court applied *Stanko v. Davis* and 28 U.S.C. § 2244(a) to decline to entertain a state prisoner's successive § 2241 claims that had been raised, or could have been raised, in an earlier habeas proceeding.

Accordingly, I recommend that the Court dismiss Grounds One, Two, and Five without prejudice to the extent they are successive § 2241 claims that the Court declines to entertain.

**C. Ground Seven: Claim Under 42 U.S.C. § 1983**

Ground Seven alleges that New Mexico abuses prisoners and violates their rights of access to the courts, due process, a fair trial, and freedom from cruel and unusual punishment.

The Court previously informed Ogden that constitutional challenges to his conditions of confinement must be brought under 42 U.S.C. § 1983 rather than through a habeas petition and provided him with the appropriate form. [Doc. 6 at 4–5].

To the extent Ground Seven challenges the conditions of Ogden's confinement, it does not provide a basis for relief under § 2241. Such claims *must* be brought in a separate civil-rights action under § 1983. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000), cert. denied, 531 U.S. 1083 (2001); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1034 (10th Cir. 2012) (dismissing a § 2241 petition attempting to challenge conditions of confinement). The Tenth Circuit has likewise previously explained to Ogden that claims of this nature must be pursued under the appropriate statutory framework. *See Ogden v. Bravo*, 35 F. App'x 722, at *2 (10th Cir. 2002).

Accordingly, I recommend that the Court dismiss Ground Seven from this habeas

proceeding without prejudice to Ogden's ability to pursue any properly supported conditions-of-confinement claims in a separate action under § 1983.

**D. Certificate of Appealability**

A state prisoner[8] must obtain a certificate of appealability to appeal the denial of a habeas petition when the challenged detention arises from process issued by a state court, regardless of whether the petition was filed under § 2254 or § 2241. *Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the petitioner must demonstrate that reasonable jurists could debate whether the court's assessment of the constitutional claims was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court denies relief on procedural grounds, the petitioner must demonstrate that reasonable jurists could debate both whether the petition states a valid constitutional claim and whether the procedural ruling was correct. *Id.*; *see also Harris v. Pacheco*, 829 F. App'x 331, 332–33 (10th Cir. 2020).

Here, Ogden has not made the required showing. His § 2254 claims are successive claims for which he has not obtained authorization from the Tenth Circuit, and his § 2241 claims have already been considered and rejected in prior proceedings. His conditions-of-confinement allegations are not properly presented in this habeas action.

I therefore recommend that the Court deny a certificate of appealability because Ogden has not made a substantial showing of the denial of a constitutional right and this ruling is not

[8] While the Tenth Circuit has held that a *federal* prisoner proceeding under § 2241 does not need a certificate of appealability to appeal a district court's denial of the petition, *see McIntosh,* 115 F.3d at 810 n. 1 (citing *Bradshaw v. Story,* 86 F.3d 164, 165-66 (10th Cir. 1996).

reasonably debatable.

## IV. RECOMMENDATIONS

For the reasons stated above, I recommend the Court DENY Ogden's Amended Petition and DISMISS this action as follows:

1. **Dismiss Grounds Three, Four, and Six without prejudice for lack of jurisdiction** because they constitute successive claims under 28 U.S.C. § 2254 for which Ogden has not obtained authorization from the Tenth Circuit, and decline to transfer those claims under 28 U.S.C. § 1631.

2. **Dismiss Grounds One, Two, and Five without prejudice** to the extent they constitute successive § 2241 claims that the Court declines to entertain under the principles governing successive habeas petitions under *Stanko.*

3. **Dismiss Ground Seven without prejudice** to the extent it asserts conditions-of-confinement claims that must be pursued, if appropriate, in a separate action under 42 U.S.C. § 1983.

4. **Deny a certificate of appealability.**

HON. JERRY H. RITTER
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**